UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

BRIAN E. WILKINSON,

                               Plaintiff,                            **MEMORANDUM & ORDER**
                                                                                        17-CV-3340 (MKB)

                                   v.

BANK OF AMERICA, N.A., *as trustee for the
Governmental Mortgage Association Ginnie Mae*,

                               Defendant.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Brian E. Wilkinson, proceeding *pro se*, commenced this action in New York Supreme Court, Kings County (the "State Court"), on May 16, 2017, against Defendant Bank of America, N.A., as trustee for the Governmental Mortgage Association Ginnie Mae. (State Court Compl., Docket Entry Nos. 1-1–1-3.) Plaintiff alleges that Defendant violated several state and federal laws when Defendant foreclosed on property located at 154 Glen Hills Road in Meriden, Connecticut (the "Property"). (*Id.*) Defendant removed the action to this Court on July 5, 2017, on the basis of diversity and federal question jurisdiction. (Notice of Removal, Docket Entry No. 1.) Defendant now moves to dismiss the action for lack of subject matter jurisdiction, improper venue and failure to state a claim upon which relief may be granted pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 7; Def. Mem. of Law in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 7-8.) For the reasons discussed below, the Court remands the action to the State Court.

## I.  Background

On March 17, 2005, Plaintiff executed a mortgage and note for the Property. (Note, Docket Entry No. 7-2; Mortgage, Docket Entry No. 7-3.)[1] The same day, Defendant assigned the mortgage and note to the Connecticut Housing Finance Authority ("CHFA"). (Mortgage Assignment, Docket Entry No. 7-4.) Plaintiff defaulted on the note on February 21, 2011, and CHFA commenced foreclosure proceedings on the Property in December of 2015, in the Superior Court of the Judicial District of New Haven, Connecticut (the "Superior Court").[2] On October 3, 2016, the Superior Court entered a "Notice of Judgment of Strict Foreclosure," providing that Plaintiff had until November 14, 2016, to satisfy the default or the Property would be turned over to CHFA in satisfaction of the note. (Judgment of Strict Foreclosure, Docket Entry No. 7-6.) Plaintiff failed to satisfy the default within the time specified, and the Property was turned over to CHFA.[3]

Plaintiff did not appeal the Superior Court's judgment.[4] Instead, Plaintiff commenced an action in the State Court, seeking damages and quiet title to the Property based on Defendant's

---

[1] Because the Court is assessing whether it has subject matter jurisdiction, it may rely on documents outside the Complaint. *See M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

[2] (*See* Aff. of Debt, Docket Entry No. 7-5); Complaint, State of Connecticut Judicial Branch, Superior Court Case Lookup, Case No. NNH-CV15-6058991-S, (Nov. 19, 2015) http://civilinquiry.jud.ct.gov/DocumentInquiry/DocumentInquiry.aspx?DocumentNo=9789344.

[3] *See* Motion for Deficiency Judgment, State of Connecticut Judicial Branch, Superior Court Case Lookup, Case No. NNH-CV15-6058991-S, Docket Entry No. 120.00, (Nov. 22, 2016) http://civilinquiry.jud.ct.gov/DocumentInquiry/DocumentInquiry.aspx?DocumentNo=11407730.

[4] Under Connecticut law, Plaintiff had twenty days from the date of the Judgment of Strict Foreclosure within which to appeal the judgment. *See Farmers & Mechs. Sav. Bank v. Sullivan*, 216 Conn. 341, 345–47 (1990) (holding that Connecticut law allows a party to appeal "a judgment of strict foreclosure and sale . . . within the twenty days allowed"); *First Conn.*

allegedly fraudulent and illegal conduct related to the foreclosure on the Property. (State Court Compl. ¶¶ 10–136.)

**II. Discussion**

    **a. Standard of review**

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction

---

*Capital, LLC v. Homes of Westport, LLC*, 112 Conn. App. 750, 758–59 (2009) ("[T]he defendants took no action during the twenty[-]day appeal period after the judgment of foreclosure by sale was entered." (citation omitted)); *see also Wells Fargo Bank, N.A. v. Melahn*, 148 Conn. App. 1, 4–9 (2014) (holding that, in Connecticut state court, a notice of judgment of strict foreclosure is a final judgment after the date for satisfaction elapses); *Curry v. Deutsche Bank Nat'l Trust Co.*, No. CV166061692S, 2017 WL 4273988, at *5 (Conn. Super. Ct. Aug. 10, 2017) (same). Nothing on the Superior Court's docket or any publicly accessible database reflects that Plaintiff appealed the Judgment of Strict Foreclosure. *See* State of Connecticut Judicial Branch, Superior Court Case Lookup, Case No. NNH-CV15-6058991-S, http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=NNHCV156058991S (last visited October 13, 2017).

exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)); *see Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to make the strongest arguments they suggest"); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. *Rooker–Feldman* Doctrine

Defendant argues that the Court should dismiss the action for lack of subject matter jurisdiction because Plaintiff is seeking review of the Superior Court's judgment. (Def. Mem. 4, 7–9.) Plaintiff has not opposed Defendant's motion.

In *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415–16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983), the Supreme Court held that federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state-court decision. *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker*, 263 U.S. at 416 (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (holding that *Rooker–Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

4

commenced and inviting district court review and rejection of those judgments"); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." (citing *Exxon Mobil Corp.*, 544 U.S. at 284)); *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he *Rooker–Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim," which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." (citations and internal quotation marks omitted)). "Underlying the *Rooker–Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *accord Vossbrinck*, 773 F.3d at 426 ("The doctrine is rooted in the principle that appellate jurisdiction to reverse or modify a state-court judgment is lodged exclusively in the Supreme Court." (alteration, citation and internal quotation marks omitted)).

In order for the *Rooker–Feldman* doctrine to apply, the following four-part test must be satisfied: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state[-]court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vosbrinck*, 773 F.3d at 426 (alterations and internal quotation marks omitted) (quoting *Hoblock*, 422 F.3d at 85); *see also McKithen*, 626 F.3d at 154 (outlining the *Rooker–Feldman* test).

Here, applying the four-part test, the Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. (*See* State Court Compl. ¶¶ 10–136.) First, Plaintiff lost in the Superior Court foreclosure action; the Superior Court entered a Judgment of Strict Foreclosure

5

against Plaintiff because Plaintiff defaulted on the mortgage and note, and Plaintiff failed to satisfy the default on the Property in the time provided by the State Court. Second, Plaintiff's alleged injuries are a direct result of the Superior Court's decision, as Plaintiff seeks to quiet title to the Property and seeks damages based on Defendant's foreclosure of the Property through the Superior Court foreclosure action. *See Vossbrinck*, 773 F.3d at 427 ("To the extent [the plaintiff] asks the federal court to grant him title to his property . . . , *Rooker–Feldman* bars [the plaintiff's] claims [because] [h]e is asking the federal court to determine whether the state [foreclosure] judgment was wrongfully issued . . . ."). Third, the relief Plaintiff seeks would require the Court to issue findings and conclusions that would directly contravene the Superior Court's decision. *See id.* Fourth, the Superior Court's judgment became final on November 14, 2016,[5] approximately four months before Plaintiff commenced the instant action on May 16, 2017, (State Court Compl.).

In similar cases, courts in this Circuit have found that the plaintiffs' actions were barred by the *Rooker–Feldman* doctrine. *See Vossbrinck*, 773 F.3d at 427; *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 503–504 (S.D.N.Y. 2016) (finding that the plaintiff's action was barred by the *Rooker–Feldman* doctrine because all of the plaintiff's claims required the district court to find that "the state court's judgment of foreclosure was defective"); *Worthy–Pugh v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-1620, 2016 WL 2944535, at *4–5 (D. Conn. Jan. 29, 2016) (finding that the plaintiffs' claims were barred by the *Rooker–Feldman* doctrine because they were asking the district court "to review the state proceedings and determine that the foreclosure judgment was entered in error" (citation and internal quotation marks omitted)); *In re Bucksin Realty Inc.*, No. 13-CV-1004, 2016 WL 5260750, at *3–4 (Bankr. E.D.N.Y. Sept.

---

[5] *See* note 4, *supra*.

23, 2016) (finding that the plaintiff's action was barred by the *Rooker–Feldman* doctrine because the plaintiff alleged that the defendants "concocted a fraudulent cause of action by filing a complaint and obtaining a default judgment" in an underlying state court foreclosure action). Accordingly, because the four parts of the *Rooker–Feldman* test are satisfied, the Court lacks subject matter jurisdiction over the instant action and remands the case to the State Court. *See Lajunie v. Samuels & Son Seafood Co.*, 614 F. App'x 33, 34 (2d Cir. 2015) ("[T]he *Rooker–Feldman* doctrine pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it. When a case has been removed from state court to federal court, 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" (quoting *Vossbrinck*, 773 F.3d at 427)).

### III. Conclusion

For the foregoing reasons, the Court remands the action to the Supreme Court of New York, Kings County.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: October 13, 2017
       Brooklyn, New York